IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JON PITTS, | § | |
| | § | |
| *Plaintiff,* | § | C.A. NO. _____ |
| | § | |
| vs. | § | |
| | § | JURY DEMAND |
| CARRIAGE SERVICES, INC., d/b/a | § | |
| BUCK ASHCRAFT FUNERAL HOME, | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

### I. INTRODUCTION

1. **COMES NOW,** plaintiff JON PITTS, and files this employment discrimination case against Carriage Services, Inc. d/b/a Buck Ashcraft Funeral Home, his former employer. Plaintiff alleges the employer violated Title VII of the Civil Rights Act of 1964 and 1991 (As Amended); 42 U.S.C. §§ 1981 and 1981A; the Age Discrimination in Employment Act (29 U.S.C. §§ 621-623), and the Texas Fair Employment Practices Statute (Texas Labor Code, Chapter 21.00), by discriminating against him based on race and age (between 40 and 70), in ways including terminating him on or about January 8, 2007.

## II. JURISDICTION

2.  This court has jurisdiction over this matter because the employer is an 'employer' under the application federal and state statutes. The challenged events occurred within 180/300 days of the filing of this charge.

## III. VENUE

3.  Venue is proper in Hidalgo County, Texas, under the venue provision of Title VII, for reasons including the employer does business in said county.

## IV. PARTIES

4.  Jon Pitts is a resident of Cameron County, Texas.

5.  The employer, Carriage Services, Inc. is a funeral services company that does business nationwide, including Hidalgo County, Texas. The company is a Delaware corporation, authorized to do business in Texas (Charter # 9845406); its main office in Texas is in Houston. At the time of the challenged events, and in previous year, the employer had more than 500 employees.

## V. SERVICE OF PROCESS

6.  The registered agent for service of process is: CT Corp System, 1021 Main Street, #1150, Houston, TX 77002.

## VI. STATEMENT OF CLAIMS

7.  Jon Pitts is a white ('Anglo') male; he is 44 years old (DOB: April 18, 1963). He resides in Harlingen, Texas.

8.    Pitts worked at the company's Harlingen facility, Buck Ashcraft Funeral Home. Jon Pitts' brother, James Pitts, is the manager. Pitts began work with the employer on or about May 25, 1997, as a 'Funeral Director/Embalmer'. The employer terminated him on or about January 8, 2007; at the time he was a 'Funeral Director/Embalmer'. He had a good work record with the employer. At the time of his termination, his salary was about $43-44,000.00 a year. He also received various benefits, including group health insurance and group life insurance.

9.    On January 8, 2007, while Pitts was working, his brother James Pitts, the Manager, walked up to him and told him he was being terminated. The manager told Pitts the termination was because of economic reasons. The decision to terminate Pitts appears to have been made at the company's Houston headquarters. Pitts was replaced by a young Hispanic male in his '20s'.

10.   Shortly after the company fired Pitts, Jesus Zavala, who works with Buck Ashcraft Funeral Home as a 'contractor', told Pitts that Manager James Pitts had told him in or about mid-December, 2006 that the company wanted a Hispanic funeral director at the Harlingen facility (Harlingen is approximately 92% Hispanic), and asked Zavala if he wanted to replace Jon Pitts as Funeral Director. Zavala declined.

11.   After termination, the employer failed to give Pitts and his dependents (wife and six children) timely notice of their right to continue coverage under the group health plan, in violation of the Employee Retirement Income Security Act ('ERISA'/'COBRA'). The employer also failed to give them a timely 'certificate of creditable coverage' as required by

the Health Insurance Portability and Accountability Act ('HIPPA').  The company did not provide these required notices under on or about May 10, 2007.  As a result, Pitts and his (7) seven dependents are now without health insurance.

12. Based on the facts stated above, Pitts alleges the employer violated the subject state and federal statutes.

## VII.  DAMAGES

13. Plaintiff alleges that the employer's conduct was intentional and in reckless disregard of his protected rights under both state and federal law.  Accordingly, plaintiff seeks damages under the applicable statutes, including actual, liquidated, compensatory, and punitive damages.

## VIII.  REQUEST FOR RELIEF

14. **WHEREFORE,** plaintiff requests the court order all relief available under the applicable statutes, including but not limited to the following:

    a. Order defendant to reinstate plaintiff;

    b. Award economic damages in an appropriate amount;

    c. Award reasonable attorney fees;

    d. Award costs of court; and,

    e. Award pre and post-judgment interest.

Plaintiff seeks all relief available under the statute, including back pay, damages, reinstatement, costs, and reasonable attorney's fees.

        Respectfully submitted,

By: /s/ George P. Powell
    GEORGE P. POWELL
    Fed. I.D. # 3849
    State Bar No. 16196000
    **GEORGE P. POWELL, P.C.**
    612 W. Nolana Loop, Ste. 410
    McAllen, TX 78504
    Tele: (956) 686-2413
    Fax (956) 686-8462

    DAVID HORTON
    State Bar No. 10014500
    **NEEL & HORTON, L.L.P.**
    5208 A Padre Blvd., # 90
    South Padre Island, TX 78597
    Tele: (956) 761-6644
    Fax : (956) 761-7424

    ATTORNEY FOR PLAINTIFF
    JON PITTS